IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THAD THOMPSON, #A5013250, | ) | NO. 1:17-cv-00319 DKW-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING APPLICATION |
| | ) | TO PROCEED IN FORMA |
| vs. | ) | PAUPERIS |
| | ) | |
| KATHERINE TORRES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Thad Thompson's request to proceed in forma pauperis ("IFP") on appeal.[1] This case has not been terminated and the Court is presently awaiting Thompson's second amended pleading before taking further action. *See* ECF No. 11 (dismissing first amended complaint for failure to state a plausible claim for relief, with leave granted to amend on or before November 4, 2017). For the following reasons, Thompson's request to proceed IFP on appeal is DENIED.

## I. 28 U.S.C. § 1915(g)

---

[1] Thompson sent the request to the Ninth Circuit Court of Appeals, which forwarded the application to the District of Hawaii to decide in the first instance whether Thompson should be granted IFP on appeal. *See* Fed. R. App. P. 24(a)(1).

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action *or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*"). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The court has reviewed Thompson's federal court actions filed as a prisoner and finds that he had accrued three "strikes" under § 1915(g) before he submitted the present application to proceed IFP on appeal:

(1) *Thompson v. Dep't of Public Safety*, 1:17-cv-00250 DKW-KJM (D. Haw. Aug. 2, 2017) (dismissed for failure to state a claim);

(2) *Thompson v. Dep't of Public Safety*, 1:17-cv-00235 LEK-KSC (D. Haw. Aug. 1, 2017) (dismissed for failure to state a claim); and

>    (3) *Thompson v. Burns*, 2:13-cv-01715-PHX-SPL (D. Ariz. July 21, 2014) (dismissed for failure to state a claim; judgment entered Sept. 4, 2014).

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited Oct. 18, 2017). The district court gave Thompson explicit notice of his strikes when No. 1:17-cv-00235 LEK-KSC and No. 1:17-cv-00250 DKW-KJM were dismissed. The district court also alerted Thompson to the strike that he had accrued in the District of Arizona in 2014 in *Thompson v. Burns*, No. 2:13-cv-01715, because he asserted that this case was still pending on his complaint forms. *See* No. 1:17-cv-00235, Order, ECF No. 23, PageID #146 n.3. Thompson was also recently provided copies of the orders in which his actions were dismissed for failure to state a claim in *Thompson v. Hamilton*, No. 1:17-cv-00520 JMS-RLP. *See* Order Denying In Forma Pauperis Application Pursuant to 28 U.S.C. § 1915(g), ECF No. 3 (D. Haw. Oct. 27, 2017).

## II.  **NO IMMINENT DANGER ALLEGED**

"[T]he [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*") . "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing," *id.* at 1055, or

3

"prison officials continue with a practice that has injured him or others similarly situated in the past." *Id.* at 1057.  For requests to proceed IFP on appeal, a prisoner subject to the three-strikes provision must allege imminent danger or an ongoing danger at the time the notice of appeal is filed.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

Nothing within Thompson's request to proceed IFP on appeal shows that Thompson was in imminent danger of serious physical injury when he submitted the request to the Ninth Circuit Court of Appeals, particularly due to any Defendants' acts or inaction.  Moreover, Thompson did not plausibly allege that he was in imminent danger of serious physical injury in his Complaint, or in the First Amended Complaint.  Rather, Thompson alleged that Defendants denied him due process, access to his legal papers, sufficient writing supplies, and photocopies, and served him finger food rather than a chopped food diet.  The events at issue here allegedly took place in May and June 2017.  Thompson's claims in this action do not plausibly allege that he was in imminent danger of serious physical injury due to any Defendants action when he filed the Complaint, or since.  Nor does anything before this Court plausibly show a continuing practice that injured

Thompson in the past that poses an "ongoing danger."[2]

## IV. CONCLUSION

Thompson has accrued three strikes pursuant to 28 U.S.C. § 1915(g) and does not allege imminent danger of serious physical injury. Thompson's Application to Proceed In Forma Pauperis is DENIED.

IT IS SO ORDERED.

DATED: November 2, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Thad Thompson v. Katherine Torres, et al.*; Civil No. 17-00319 DKW RLP; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

*Thompson v. Torres,* No. 1:17-cv-00319 DKW-RLP; 3stk 2017 Thompson 17-319 (dny IFP on app)

---

[2]Nor does Thompson even explain the basis on which he appeals. Presumably, he appeals the dismissal of his First Amended Complaint. A dismissal of a complaint with leave granted to amend, however, is not a final, appealable order. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Nor has this Court certified in writing that an interlocutory appeal herein is appropriate. *See* 28 U.S.C. § 1292(b). The Court declines to construe Thompson's request to proceed IFP on appeal as his intent to dismiss the present action and will not terminate this action until the time for submitting an amended pleading has passed.