IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THAD THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>NURSE MIKE,<br><br>        Defendant. | CIVIL NO. 17-00319 DKW-RLP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF** |

# INTRODUCTION

Thompson is an inmate at Halawa Correctional Facility ("HCF"). His "Motion for an Emergency Immediate Telephonic Status Conference to Discuss Plaintiff's Safety Options" requests "Temporary Restraining Orders for a few separatees and an Order . . . to have [HCF's] [Warden] transfer Plaintiff to the federal facility to ensure reasonable safety pursuant to statute 18 U.S.C. § 5003(a)." Dkt. No. 41 at 2. Thompson seeks this relief based upon "previous and the highly likely future occurrences of 'Retaliation,'" which he contends are "the allegations per this action itself regarding Defendant Nurse Mike." *Id.* at 1. Because he is not entitled to the relief he seeks, Thompson's Motion is denied.[1]

---

[1] To the extent the Motion also seeks an emergency immediate telephonic status conference, the request is likewise denied as moot.

**DISCUSSION**

Thompson's Second Amended Complaint ("SAC") alleges that Nurse Mike violated his rights under the First Amendment by serving him a "finger food" diet in the HCF High Security Unit ("HSU") when Thompson had requested a "chopped food" diet.[2] The SAC alleges that Nurse Mike ordered finger food rather than a chopped diet several days after Thompson told him he had filed grievances and civil litigation against others and that Nurse Mike "snidely" told him to file a grievance when Thompson requested a dietary change. SAC, Dkt. No. 18. Thompson's current Motion seeks emergency injunctive relief, including a transfer to the Federal Detention Center ("FDC"), based upon new retaliation by non-parties, unrelated to this litigation.[3]

**I.     Legal Standard**

To obtain preliminary injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

---

[2] The Court screened and dismissed his prior complaints and denied Thompson's request to proceed *in forma pauperis* on appeal because he had accrued three strikes pursuant to 28 U.S.C. § 1915(g). *See* Dkt. Nos. 9, 11, and 13.

[3] Thompson's original complaint, naming different parties, Dkt. No. 1, and Motion for Preliminary Injunction, Dkt. No. 3, also sought a transfer to FDC. On August 2, 2017, the Court entered an Order Dismissing Complaint in Part and Denying Motion for Preliminary Injunction. Dkt. No. 9.

2

7, 20 (2008). Generally, as long as the other parts of the *Winter* test are met, a preliminary injunction may issue where the plaintiff demonstrates the existence of "serious questions going to the merits . . . and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation and quotation marks omitted).

A mandatory injunction, however, requiring the defendant to take affirmative action—such as ordering Thompson transferred to another facility—is "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citations omitted). A mandatory injunction is "not granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1980); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011)). That is, a court "should deny such relief 'unless the facts and law clearly favor the moving party.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

Further, a preliminary injunction may not be issued absent a "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's*

3

*Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Such a relationship is "sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Finally, in cases involving prison conditions, a preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II. **Thompson Is Not Entitled to Injunctive Relief**

Whether styled as a request for a temporary restraining order ("TRO") or emergency injunctive relief, Thompson has not met the requirements for the requested orders, including a "protective transfer to the federal facility." Even if Thompson were to ultimately prevail on the underlying claim against Nurse Mike, he would still not be entitled to restraining orders against persons that are not parties, nor would he be entitled to a transfer to FDC.

First, under settled law, a prisoner has no constitutional right to be housed in a particular prison facility. *Montayne v. Haymes*, 427 U.S. 236, 242–43 (1978); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (holding that due process protections are not required for discretionary transfers to a less agreeable prison);

*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (recognizing that prison officials "may change [a prisoner's] place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights).

Moreover, even if Thompson succeeded on the merits of his case against Nurse Mike, he has no legal right to be transferred to FDC, or any other prison facility, and granting such relief would alter the status quo. Because neither the FDC (a federal facility) nor its administrators are parties to this action, the Court is without authority to issue an injunction that would compel the FDC to accept Thompson. *See* Fed. R. Civ. P. 65(d)(2) (providing that an injunction binds only the parties, their officers, agents, servants, employees, and attorneys, and other persons actively in concert or participation with them); *see also Zepeda v. United States Immigration & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) (recognizing that a court may issue an injunction only "if it has personal jurisdiction over the parties"); *Walker v. Varela*, 2013 WL 816177, at *2 (C.D. Cal. Mar. 1, 2013) (denying injunctive relief for lack of jurisdiction where only individual prison officials were parties and plaintiff sought an order compelling the state department overseeing prisons to move plaintiff to another prison facility). Thus, because Thompson would not be entitled to a transfer to another prison facility even if he

prevailed on his underlying claims, the Court declines to issue a preliminary injunction ordering a transfer.[4]

Second, Thompson's Motion seeks relief unrelated to the parties in this lawsuit against Nurse Mike, the lone remaining defendant in this action. The SAC alleges that Nurse Mike kept Thompson on a finger food diet in retaliation for the filing of grievances and lawsuits against other HCF administrators and employees. Thompson's requests for temporary restraining orders and a protective transfer to FDC have little to nothing to do with the remaining claims or relief sought for the First Amendment claim against Nurse Mike. The presently requested injunctive relief is not "of the same character as that which may be granted" to remedy the claims asserted in his complaint. *De Beers Consol. Mines*, 325 U.S. at 220; *Pac. Radiation Oncology*, LLC, 810 F.3d at 636; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his . . . lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary

---

[4]In any civil action involving prison conditions, not only must preliminary injunctive relief be "narrowly drawn," any final prospective relief must also be "narrowly drawn, extend[ ] no further than necessary to correct the violation of a Federal right, and [be] the least intrusive means necessary to correct the violation[.]" 18 U.S.C. § 3626(a)(1). If Plaintiff were to prevail on his claims, "less intrusive prospective remedies could be fashioned to correct any continuing harms, such as transfer to another housing module within HCF." *Pitts v. Espinda*, No. CV 15-00483 JMS-KJM, 2018 WL 1403881, at *3 (D. Haw. Mar. 20, 2018).

injunction in this lawsuit."). Indeed, Thompson recognizes the deficiency in his Motion and requests that he "be granted 'leave to amend' to add [specific ACOs in their official capacities] and the State of Hawaii for this injunctive relief only." Thompson's Response at 3, Dkt. No. 46.[5] Thompson must file a new civil action regarding these allegations of retaliation by different actors, if they are plausible; however, he may not seek injunctive relief based on conduct by unrelated actors linked together only by his unsupported speculation.

Finally, even if the Court had the authority to grant the relief requested, Thompson has not shown a likelihood of irreparable harm in the absence of a preliminary injunction, because speculative injury does not constitute irreparable harm. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (a plaintiff "must demonstrate immediate threatened injury as a prerequisite to

---

[5]Thompson alternatively disputes that the retaliation of which he currently complains is not attributable to Nurse Mike or his complaints regarding his finger food diet. *See* Thompson Response at 5, Dkt. No. 46 (claiming "further retaliation specifically and directly related to the Nurse Mike complaint" by ACO Kaninau). First, he points to a December 21, 2017 incident "when Plaintiff was battered, [when] he was currently in litigation on the Nurse Mike case although that does in fact 'directly' relate this Nurse Mike case to the recent 12/21/2017 incident it isn't and/or shouldn't be imperative to grant such a movement." *Id.* at 5. Second, he points to no retaliation by Nurse Mike or others previously named in *this* civil action. More importantly, however, he *currently* asserts that ACOs Kaninau and Sarkissian have retaliated against him for filing separate grievances regarding incidents that are entirely unrelated to and distinct from this litigation. *See* Thompson's Suppl. Response at 2–3, Ex. A (Grievances), Dkt. No 47. There is no connection between Thompson's request for temporary restraining orders, separatee orders, or other relief sought in his Motion and his allegations in the SAC that Nurse Mike ordered finger food rather than a chopped diet and that Nurse Mike "snidely" told him to file a grievance when Thompson requested a dietary change.

preliminary injunctive relief"); *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (explaining that to establish irreparable harm, a plaintiff must show that he is "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury") (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). Thompson's fear of retaliatory harm *by others* is purely speculative—he does not allege that Nurse Mike has "batter[ed], maim[ed], and assault[ed]" him. Thompson Response at 4. "Nor does Plaintiff provide any factual allegations to support his contention that he is at immediate risk of such grave harm." *Pitts v. Espinda*, No. CV 15-00483 JMS-KJM, 2018 WL 1403881, at *4 (D. Haw. Mar. 20, 2018). Indeed, the incident he relies on as causing him injury occurred on December 21, 2017, and his assertions of "highly likely future occurrences" of retaliation are pure conjecture. In short, Thompson has alleged only a hypothetical chance of future injury at the hands of others who are not parties to this litigation.

The Motion presents no serious question that Thompson is in danger of irreparable injury, that the balance of equities tips in his favor, or that a TRO is in the public interest, *Alliance for Wild Rockies*, 632 F.3d at 1135, and Thompson has therefore failed to carry his burden of establishing a basis for injunctive relief.

## CONCLUSION

In light of the foregoing, Thompson's Motion for Emergency Injunctive Relief is DENIED. Dkt. No. 41.

IT IS SO ORDERED.

DATED: May 9, 2018 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

*Thompson v. Nurse Mike*, CV. NO. 17-00319 DKW-RLP; **ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

9