IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THAD THOMPSON, #A5013250, | Civ. No. 1:17-cv-00319 DKW-RLP |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| KATHERINE TORRES, *et al.*, | |
| Defendants. | |

Before the court is pro se Plaintiff Thad Thompson's Motion for Reconsideration of the August 22, 2018 Order Granting Defendant's Motion for Summary Judgment. *See* Mot., ECF No. 68; Order, ECF No. 66. Thompson seeks reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the following reasons, Thompson's Motion for Reconsideration is DENIED.

## I. BACKGROUND

Thompson is incarcerated at the Halawa Correctional Facility (HCF). He filed his initial Complaint on July 7, 2017, and filed the operative, Second Amended Complaint (SAC) on November 13, 2017. *See* ECF Nos. 1 & 18.

On May 18, 2018, Defendant "Nurse Mike" (Michael Bala), the only remaining Defendant, filed a Motion for Summary Judgment (MSJ), asserting that Thompson had failed to fully exhaust his claims through the third step of the HCF

grievance process before filing the Complaint or SAC.  MSJ, ECF No. 50.  On August 22, 2018, the Court granted Bala's MSJ.  ECF No. 66.  Judgment entered that day.  On October 11, 2018, Thompson filed the present Motion for Reconsideration.

## II. DISCUSSION

Rule 60(b) "provides for reconsideration upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Motions for reconsideration are not a substitute for appeal and should be infrequently made and granted.  *See Twentieth Century Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981); *see also Grandinetti v. Hyun*, 2017 WL 239741, at *1 (D. Haw. Jan. 19, 2017).

Thompson argues, as he did in his Opposition to the MSJ, that he was unclear how to exhaust his claims before he filed this action because he only had the prison's "1999 Inmate Guidelines," which were silent regarding the steps required to exhaust his grievances.  He alleges that he was unaware of the Department of Public Safety's (DPS) Inmate Grievance Program, set forth in its

2

Policy and Procedures Manual at COR.12.03, *et seq*. Thompson also reiterates that he is a pro se inmate with no legal training and cannot be expected to have understood what was required to fully exhaust his claims.

As the Court pointed out in the August 22, 2018 Order, however, Thompson was clearly aware of the DPS Inmate Grievance Program because he asserted in his initial Complaint that he was pursuing remedies through that process but had "not yet been able to totally exhaust." *See* Compl, ECF No. 1, PageID #2. Thompson also filed a copy of one of his grievances, which (1) shows that he had used the Inmate Grievance Program forms, and (2) explicitly explains that there is a three-step appeals process. *See* Ex. A, ECF No. 59-1.

Thompson also asserts again that he only sought monetary relief, and that he knew that this form of relief was not available through the grievance process, so he chose not to pursue the process. There are two problems with this argument. First, through this assertion, Thompson again admits that he was aware of the Inmate Grievance Program and, based on his own faulty understanding of the law, he chose not to pursue his claims through that process. Second, as was carefully explained to him, the Prison Litigation Reform Act of 1996 (PLRA) requires that inmates first pursue whatever administrative remedies that are available to them, regardless of the type of relief sought, before they raise their claims in the federal

courts. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Thompson's Motion for Reconsideration does not demonstrate any mistake, surprise, excusable neglect, newly discovered evidence, fraud, or extraordinary circumstances on which to base reconsideration of the Court's August 22, 2018 Order Granting Defendant's Motion for Summary Judgment. Accordingly, Thompson's Motion for Reconsideration, ECF No. 68, is DENIED.

IT IS SO ORDERED.

DATED: November 7, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Thad Thompson v. Katherine Torres, et al.;* Civil No. 17-00319 DKW-RLP;
**ORDER DENYING MOTION FOR RECONSIDERATION**